IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ALLEN DAY,

    Petitioner

v.                                                                  CASE NO. 1:11-cv-256-MP-GRJ

M. MARTIN, Warden,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus filed by Petitioner, a prisoner in the custody of the United States Bureau of Prisons. Petitioner was sentenced in 2009 in this Court to 212 months imprisonment and 5 years of supervised release for possession of a firearm by a convicted felon. (Case No. 1:09-cr-6 Doc. 40.)

Petitioner currently has a motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 pending in his criminal case. (Case No. 1:09-cr-6 Doc. 62.) One of the grounds Petitioner asserts in his pending 2255 motion is that this Court lacks subject matter jurisdiction over the criminal proceedings in which he was charged with and ultimately plead guilty to possession of a firearm by a convicted felon. (*Id.* at 5-8.)

In the above styled case, Petitioner has filed another habeas petition raising the same argument that the Court does not possess subject matter jurisdiction over the federal criminal proceedings against him in Case No. 1:09-cr-6.

The Court will treat the instant petition filed in this case as a motion to amend Petitioner's 2255 motion in Case No. 1:09-cr-6 because Petitioner's section 2255 motion is still pending in that case.  <u>Ching v. United States</u>, 298 F.3d 174, 175 (2d Cir. 2002)("We hold that a habeas petition submitted during the pendency of an initial [petition] should be construed as a motion to amend the initial [petition]."); <u>Scalerico v. Donelli</u>, No. 07-CV-2458, 2008 WL 4426879, at *1 (E.D.N.Y. Sept. 24, 2008)(noting "where a Petitioner files a second petition for a writ of habeas corpus before his first habeas petition has reached a final disposition, the second petition should be treated as a motion to amend the initial petition").  However, because Petitioner advances the same argument in his petition in this case as he alleged in his section 2255 motion in Case No. 1:09-cr-6, there is no reason to grant Petitioner leave to amend. And because the petition in this case is duplicative of one of the grounds already included in Petitioner's pending section 2255 motion, the petition in this case is superfluous and is due to be dismissed as duplicative.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 13th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.